UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICHOLAS GULLIKSON,

                Plaintiff,

v.                                               Case No. 17-cv-105-pp

CITY OF MILWAUKEE MUNICIPALITY, and
COUNTY OF MILWAUKEE,

                Defendants.

---

**DECISION AND ORDER SCREENING AND DISMISSING THE AMENDED COMPLAINT (DKT. NO. 11)**

---

On January 23, 2017, the plaintiff, Nicholas Gullikson, filed a complaint seeking return of $1,612 that was confiscated from his residence during a drug traffic raid. Dkt No. 1. Magistrate Judge William Duffin screened the plaintiff's complaint, and explained that a district attorney is not required to institute forfeiture proceedings in Wisconsin for property derived from the commission of any crime. Dkt. No. 10 at 8. Instead, a person claiming the right to such property can initiate return of that property through procedures set forth in Wis. Stat. §968.20. Id.

Judge Duffin then instructed the plaintiff to file an amended complaint: (1) outlining the steps he took to initiate return of his property under Wis. Stat. §968.20, and (2) describing how the state's procedure under §968.20 was constitutionally inadequate. Id. at 10. This matter comes before the court for screening of the amended complaint. Dkt. No. 11.

1

## I. SCREENING OF THE PLAINTIFF'S AMENDED COMPLAINT

### A. Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.     Facts Alleged in the Amended Complaint

On September 23, 2014, the Wisconsin High Intensity Drug Trafficking Area (HIDTA) raided the plaintiff's home. Dkt. No. 11, ¶ 3. During the raid, HIDTA seized $1,612 from the plaintiff's residence. Id. According to the plaintiff, the confiscated money was not related to drug trafficking and "did not bare any of the same serial numbers as the money used in the control buy that justified the raid." Id., ¶¶ 6-7.

On December 23, 2017, the plaintiff filed a motion in the Milwaukee County Circuit Court, seeking return of the money. Id., ¶ 8. A Milwaukee County staff attorney replied that the motion could not be filed because the plaintiff had not served all of the interested parties. Id. It is unclear what actions, if any, the plaintiff took after receiving this letter.

C. <u>Legal Analysis of Alleged Facts</u>

To state a claim under 42 U.S.C. §1983, the plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. <u>Buchanan-Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009) (citing <u>Kramer v. Village of North Fond du Lac</u>, 384 F.3d 856, 861 (7th Cir. 2004)).

The court will not allow the plaintiff to proceed on his claims for several reasons. First, §1983 allows a plaintiff to sue a "person" who violates the plaintiff's civil rights while acting under color of state law. The "City of Milwaukee Municipality" and "Milwaukee County" are not a "persons" in the meaning of §1983. <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 70-71 (1989); <u>see also</u> <u>Buchanan v. Kenosha</u>, 57 Fed.Supp.2d 675, 677-78 (E.D. Wis. 1999). The plaintiff cannot sue these two entities under §1983.

Second, there are state procedures available to the plaintiff to seek the return of his property. The Milwaukee County staff attorneys told the plaintiff how to cure the deficiency in his state court filing: he had to serve the district attorney and "interested" parties. The plaintiff failed to follow these instructions, and instead filed this lawsuit in federal court, apparently trying to get around the appropriate state court procedures. That is not an appropriate reason for filing a §1983 case in federal court.

Third, the plaintiff appears to believe that the state court procedure—Wis. Stat. §968.20—violates his right to due process, because the "burden

4

[shouldn't] fall on the plaintiff to request the property taken illegally." Dkt. No. 11, ¶ 9. Instead, he argues, "the prosecutor should have established the lawful taking of the property." Id. Wis. Stat. §968.20 is procedurally identical to Federal Rule of Criminal Procedure 41(g), which allows individuals to seek return of property seized as a result of the commission of a federal crime. No court has held Rule 41(g) unconstitutional. Both §968.20 and Rule 41(g) provide plaintiffs with "process" to remedy deprivation of property. The plaintiff does not like those processes, and has not used them. But because they do provide him with process, they are not unconstitutional.

The Court of Appeals for the Seventh Circuit has considered whether a plaintiff can get around Wis. Stat. §968.20 by filing in federal court. The court held that a plaintiff may go directly to federal court, rather than following the state's procedures, only when the plaintiff seeks return of property based on lack of probable cause to confiscate the property. See Supreme Video, Inc. v. Schauz, 15 F.3d 1435, 1443 (7th Cir. 1994). The plaintiff's property was taken in a valid drug raid (the plaintiff states that there was a "control[led] buy" that "justified" the raid), and he does not allege that there was no probable cause to seize the property. Because the plaintiff has not alleged a lack of probable cause, he cannot circumvent the state property return process by filing a §1983 claim in federal court. The court must dismiss the case for failure to state a claim.

## II. CONCLUSION

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The Clerk of Court shall enter judgment accordingly.

The court **ORDERS** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The court **ORDERS** the agency having custody of the plaintiff to collect from his institution trust account the **$343.49** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forward payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

The court will send a copy of this order to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment.

*See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 2nd day of August, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**